**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JAMIL ABDUL SHABAZZ,** | ) | **CASE NO.  1: 10 CV 1598** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **ROBERT WELCH, Warden,** | ) | <u>**Memorandum of Opinion and Order**</u> |
| | ) | |
| **Respondent.** | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate

Judge McHargh (Doc. 25) recommending denial of Petitioner's pending Petition for a Writ of

*Habeas Corpus* pursuant to 28 U.S.C. § 2254.   Petitioner has filed objections to the R&R.

(Doc. 26.)  For the reasons stated below, the Report and Recommendation is ACCEPTED.

The petition for a writ of *habeas corpus* is denied.

   **Standard of Review**

   Pursuant to Fed. R. Civ. P. 72(b), the district court reviews *de novo* "any part of [a]

magistrate's judge disposition that has been properly objected to."   "The district judge may

accept, reject, or modify the recommended disposition; receive further evidence or return the

matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1)(3).  "When no timely

objection is filed, the court need only satisfy itself that there is no clear error on the face of

the record in order to accept the recommendation."  Fed. R. Civ. P. 72 advisory committee's

notes (citation omitted).

   **Background**

1

The background facts are fully set forth by the Magistrate Judge in his Report and Recommendation. Petitioner was convicted of murder with a three-year firearm specification after a jury trial in the Cuyahoga County, Ohio Court of Common Pleas in connection with the shooting death of Gregory Rodgers. Petitioner timely appealed his conviction to the Ohio Court of Appeals, which affirmed petitioner's conviction. Petitioner subsequently filed a timely petition for leave to appeal to the Ohio Supreme Court, which denied leave and dismissed petitioner's appeal as not involving any substantial constitutional question. Petitioner then pursued post-conviction relief in state court, which was also denied.

Petitioner filed the present petition for a writ a *habeas corpus* in this Court, asserting four grounds for relief, specifically:

1. Ineffective assistance of Appellate Counsel when he failed to raise the issue that the [the] trial court deprived Petitioner Shabazz of his Sixth Amendment right to effective assistance of trial counsel when it failed to make an adequate and timely inquiry into Petitioner Shabazz['s] complaints of trial counsel.

2. Petitioner was not afforded effective assistance of counsel when trial counsel failed to inquire concerning prospective jurors bias towards members of the muslim faith.

3. The court err[ed] in denying Petitioner[']s motion for Acquittal where the evidence is not sufficient to support [the] conviction.

4. Appellant [sic] counsel was ineffective for his failure to pursue trial counsel[']s Deficient Performance in which key evidence was withheld from Petitioner Shabazz during pre-trials and trial, and for not subpoenaing key witnesses for the Petitioner which would change the outcome of the case, violated Petitioner Shabazz['s] Sixth and Fourteenth amendment right[s] to effective assistance of counsel, and a right to a fair trial without any bias or prejudice.

(Doc. 1.)

**Discussion**

2

Under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254, a writ of *habeas corpus* may be issued only if "the state court adjudication resulted in a decision that (1) 'was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States.'" *Williams v. Taylor*, 529 U.S. 362, 412 (2002).

The Magistrate Judge considered petitioner's claims and found that none of them were sufficient to support the issuance of the writ because petitioner failed to demonstrate that the state court determinations were contrary to, or involved an unreasonable application of, clearly established federal law.

The Magistrate Judge first rejected the third ground asserted in petitioner's *habeas* petition that the state trial court erred in denying petitioner's motion for acquittal because there was insufficient evidence to support his conviction.  The Magistrate Judge found that the trial court's determination that the evidence was sufficient to support the conviction and its decision to deny petitioner's motion for acquittal were not contrary to federal law.  The Magistrate Judge noted that two eyewitnesses testified that they saw petitioner shoot the victim in the head with a firearm at close range and, in addition, a forensic pathologist established that the victim's cause of death was a gunshot wound to the head at close range. As he did in his brief before the Magistrate Judge, petitioner attacks the credibility of the state's two eye witnesses in his objections to the R&R, claiming that both of the witnesses lied under oath and have extensive criminal histories.  However, as the Magistrate Judge correctly noted in his R&R, the relevant inquiry in determining whether there is sufficient

evidence to support a conviction is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  The court may not weigh the credibility of witnesses on *habeas* review, as that is the responsibility of the trier of fact.  *Dover v. Warden, Belmont Corr. Ins*., Case No. 08CV2130, 2009 WL 1940728, at *14 (N.D. Ohio July 2, 2009).

The Court agrees with the determination of the Magistrate Judge that petitioner has failed to demonstrate that the state court's decision denying petitioner's motion for acquittal was an "unreasonable application" of clearly established federal law.  Accordingly, petitioner's objections as to the sufficiency of the evidence are unpersuasive.

The Magistrate Judge also rejected petitioner's claims of ineffective assistance of his trial and appellate counsel.  As the Magistrate Judge correctly noted in his R&R, the state court applied the correct standard, established in *Strickland v. Washington*, 466 U.S. 668 (1984), in assessing petitioner's ineffective assistance of counsel claims.[1]

The Magistrate Judge found that the state court's application of *Strickland* to petitioner's claims of ineffective of ineffective assistance of counsel was not objectively unreasonable. The state court found that "trial counsel was not ineffective in choosing not to inquire about the prospective jurors' feelings about members of the Muslim faith."  (R&R at 20)  In

---

[1]

In *Strickland*, the Supreme Court established a two-part standard for determining whether counsel's assistance is ineffective.  The defendant must show that counsel's performance fell below an objective standard of reasonableness and that counsel's errors were so serious as to prejudice the defendant.  *Strickland*, 466 U.S. at 689-692.  Under this test, review of counsel's performance is "highly deferential" and requires that courts "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance."  *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002).

4

addition, the state court found that petitioner's appellate counsel was not ineffective for failing to raise the issues identified by petitioner on appeal.  (*See id*. at 22-23.)

The Court agrees with the Magistrate Judge that petitioner has failed to demonstrate that the state appellate court's rulings rejecting petitioner's ineffective assistance of counsel claims were objectively unreasonable applications of federal law.  Accordingly, petitioner's objections to the R&R asserting ineffective assistance of counsel are overruled.

**Conclusion**

In sum, the Court agrees with the determinations of the Magistrate Judge.  Magistrate Judge McHargh correctly determined that petitioner is not entitled to a writ of *habeas corpus*. Accordingly, the Report and Recommendation of Magistrate Judge McHargh recommending denial of petitioner's pending Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 is accepted.  Petitioner's Petition for a Writ of *Habeas Corpus* is denied.

IT IS SO ORDERED.


/s/Patricia A. Gaughan
PATRICIA A. GAUGHAN
Date:   8/13/12              United States District Judge